USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/28/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DEAN LOREN,

                      Plaintiff,

-v-

THE CITY OF NEW YORK, MANHATTAN
BOROUGH PRESIDENT, MANHATTAN
COMMUNITY ACCESS CORPORATION, JEANETTE
SANTIAGO, CORY BRYCE, DANIEL COUGHLIN,
GAIL BREWER, as Manhattan Borough President,
ENRIQUE HERNANDEZ, JR., President of Inter-Con
Security, INTER-CON SECURITY, ROBERT B.
SCHUMER, ROBERT D. MARCUS, as Former CEO of
TIME WARNER CABLE, ROBERT PERRY, GLORIA
MESSER, TIME WARNER CABLE, JUNE W.
MIDDLETON, CHRIS GETHARD, and ZENAIDA
MENDEZ,

                      Defendants.

------------------------------------------------------------X

16 Civ. 3605 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

This decision resolves a motion for reconsideration. Plaintiff Dean Loren, proceeding *pro se* and *in forma pauperis*, brought this action for relief under 42 U.S.C. § 1983 for alleged violations of his First Amendment right to access a public forum and under New York's Open Meetings Law, N.Y. Public Officers Law Art. 7, § 103. On July 11, 2017, the Court issued an Opinion and Order granting defendants' motions to dismiss Loren's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 51 (reported at 2017 WL 2964817 (S.D.N.Y. July 11, 2017)) (the "MTD Opinion"). The Court there held that the operative First Amended Complaint ("FAC"), Dkt. 6, failed to plausibly allege that defendants had acted under color of law or had been personally involved in the alleged violations, as is required for liability

under § 1983. Accordingly, the Court dismissed Loren's sole federal claim, under § 1983, as against all defendants, and declined to exercise supplemental jurisdiction over Loren's state-law claim, which the Court dismissed without prejudice. On July 27, 2017, the Clerk of Court entered judgment. Dkt. 58.

Loren now moves for reconsideration of the decision granting the motions to dismiss. For the following reasons, Loren's motion for reconsideration is denied.

## I. Relevant Procedural Background

The Court assumes familiarity with the allegations and procedural history of this case. The Court here relates only background information necessary to resolve this motion.

On July 11, 2017, the Court issued the MTD Opinion granting defendants' motions to dismiss, which dismissed Loren's claim under federal law against all defendants, and declined to exercise supplemental jurisdiction over Loren's state-law claim, which the Court dismissed without prejudice. Dkt. 51. On July 21 and 24, 2017, Loren made four filings, each appearing to demand that the Clerk of Court make "corrections" to the docket of *Halleck v. Manhattan Community Access Corp.*, No. 15 Civ. 8141 (WHP) (S.D.N.Y. 2015), an action unrelated to this one but containing similar allegations, and demanding the scheduling of a trio of "Open Public Hearings" to address this issue. *See* Dkts. 52–55.

On July 26, 2017, Loren filed a motion to "reargue," "renew," and "reconsider" the MTD Opinion, and attached various exhibits, including materials he had previously filed (Dkts. 52–55) in the days immediately following the issuance of the MTD Opinion. Dkt. 56. On July 27, 2017, the Clerk of Court entered judgment consistent with the MTD Opinion. Dkt. 58. That same day, Loren filed an amended motion to "reargue," "renew," and "reconsider." Dkt. 59. This motion recounted difficulties that Loren claimed to have encountered when, on July 25,

2

2017, he had sought to file his first motion for reconsideration, using the courthouse's night deposit box for after-hours filings. In particular, Loren claimed that some of his papers had been lost, tampered with, or stolen. *Id.*

On August 10, 2017, defendants filed memoranda of law opposing the motion for reconsideration. *See* Dkts. 60–61. On September 6, 2017, Loren filed a response. Dkt. 64. On October 16, 2017, Loren made two additional filings, again complaining about the night deposit box and requesting permission to make filings by fax, Dkt. 65, and reiterating certain fantastical claims he had previously made, including about the existence of a "secret court" and about a conspiracy regarding the ownership of the Daniel Patrick Moynihan United States Courthouse at 500 Pearl Street, *see* Dkt. 66 at *2–3, which do not merit recapitulating here.

## II. Discussion

### A. Special Solicitude Due to Loren's *Pro Se* Submissions

The Court has carefully reviewed Loren's submissions, as the Court earlier had done when ruling on the motions to dismiss. Mindful of the special solicitude owed to *pro se* litigants, the Court has construed his submissions liberally "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted; quotation omitted). Nonetheless, as with his previous filings in this matter, the Court has found Loren's filings abstruse, conclusory, and often addressing impertinent matters that are plainly irrelevant to the claims actually alleged. The Court is mindful, too, that on September 6, 2017, Loren again demanded that the Court recuse itself, presumably under 28 U.S.C. § 455, but again did not set out facts that would warrant recusal. *See* Dkt. 64 at 6; *see also* Dkt. 46 at 1–2.

### B. Analysis

3

The Court construes Loren's motion as a motion for reconsideration, pursuant to S.D.N.Y. Local Civil Rule 6.3.[1] The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d. Cir. 2012); *see also* S.D.N.Y. Local Civil Rule 6.3 (requiring movant to "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked"); *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions

---

[1] Loren styles his request for relief as also arising under Federal Rule of Civil Procedure 60(a), *see* Dkt. 64 at 1, and asks the Court to correct "clerical mistakes" in prior orders in this case or on the docket of the *Halleck* action. (Loren also appears to request relief under Rule 60(b), *see* Dkt. 64 at 1, but, insofar as he appears only to identify "clerical" mistakes, the proper avenue for such relief, were he entitled to it, would be Rule 60(a).) For several reasons, the Court denies this bid. First, to the extent that Loren requests relief in a different case, *Halleck*, his motion for relief here is improper. Second, Loren's request appears to challenge an earlier order in this case, Dkt. 4, issued on July 14, 2016 by Chief Judge McMahon, to whom this matter was then assigned. There, Chief Judge McMahon granted Loren leave to file an amended complaint, while denying Loren's motion to intervene, Dkt. 3, in *Halleck*. Dkt. 4. Chief Judge McMahon noted that Loren had made a request for similar relief in *Halleck*, which Judge Pauley had denied. *Id.* (citing Dkts. 37, 54 in No. 15 Civ. 8141 (WHP)). This Court recited this prior history in the MTD Opinion as background. MTD Opinion at 2. Loren now contests the authorship of the motion to intervene filed in the *Halleck* action, arguing that, contrary to this recitation, that particular motion to intervene—one of several filed on the docket of *Halleck*—in fact had not been made by him but by someone else, and seeks correction of this point. But, as Chief Judge McMahon noted, Loren had at some point moved to intervene in the *Halleck* action, *see* Dkt. 54 in No. 15 Civ. 8141 (WHP); *see also* Dkt. 64 at 3, ¶¶ 6, 8 (stating that Loren filed a motion to intervene in the *Halleck* action), which was denied. Further, even if there had been a factual inaccuracy, relief under Rule 60(a) would not be warranted. Rule 60(a) provides relief when "the judgment simply has not accurately reflected the way in which the rights and obligations of the parties have in fact been adjudicated." *In re Frigitemp Corp.*, 781 F.2d 324, 327 (2d Cir. 1986). But whether Loren himself had been the one to make that unsuccessful motion to intervene in *Halleck* had absolutely no bearing on Chief Judge McMahon's denial of the similar motion here (Dkt. 3), Dkt. 4, and those events had no bearing on this Court's disposition of the motions to dismiss, Dkt. 51 (MTD Opinion), or the form of the ensuing judgment, Dkt. 58. The "rights and obligations" of the parties in this case have at all times been accurately reflected by the orders and the judgment entered in this case.

or factual matters that were put before it on the underlying motion." (quotation omitted)). A motion for reconsideration "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3589 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Instead, reconsideration is appropriate "only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

In general, litigants are barred from introducing new facts in a motion to reconsider. *See Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation omitted); *see also Hayles v. Advanced Travel Mgmt. Corp.*, No. 01 Civ. 10017 (BSJ), 2004 WL 117597, at *1 (S.D.N.Y. Jan. 26, 2004) ("A movant may not . . . advance new facts, issues or arguments not previously presented to the Court, or reargue those issues already considered." (quotation omitted)); S.D.N.Y. Local Civil Rule 6.3 ("No affidavits shall be filed by any party unless directed by the Court."). As such, a party seeking a court's reconsideration of its decision "is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the Court's rulings." *De Los Santos v. Fingerson*, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998). That is because the purpose of Local Civil Rule 6.3 is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."

*Naiman v. N.Y. Univ. Hosps. Ctr.*, No. 95 Civ. 6469 (RPP), 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005) (quoting *Carolco Pictures Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

Loren's request for reconsideration falls far short of meeting these standards. He has identified nothing that the Court overlooked in deciding the MTD Opinion. Instead, he first appears to attempt to alter the allegations contained in the FAC, to bolster his claim that defendant Manhattan Community Access Corporation (also known as "Manhattan Neighborhood Network" or "MNN") was a state actor, as required for liability under § 1983. The Court previously held that the FAC did not plausibly plead that MNN was a state actor within the meaning of § 1983, because, among other reasons, the government did not retain the permanent authority to appoint a majority of the directors to MNN's board, and thus did not meet the standard set out in *Lebron v. National Railroad Passenger Corporation*, 513 U.S. 374, 399 (1995). Loren now claims that MNN operates a board of directors with only three members, all appointed by the Manhattan Borough President, *see* Dkt. 56 at *5, but that factual claim contradicts the allegations in the FAC, in which Loren alleged that the Borough President has the authority to appoint only two of MNN's 13 board members, *see* FAC ¶ 102 ("MNN's Board of Directors . . . is comprised of up to 13 members, two of whom are to be selected by the Manhattan Borough President . . . ."). Such a new factual allegation is not cognizable on a motion for reconsideration. Instead, the proper vehicle for Loren to seek to modify his factual allegations about the composition of MNN's board of directors would have been a motion for leave to file an amended complaint under Rule 15(a)(2), which defendants would then have been at liberty to oppose as futile. Loren's new allegations do not constitute anything that the Court overlooked in deciding the MTD Opinion. He may not modify the factual allegations of the FAC in this case through the vehicle of a motion for reconsideration.

6

Loren separately argues that the FAC should not have been dismissed because the FAC assertedly meets the pleading standard set forth in *Dioguardi v. Durning*, 139 F.2d 774 (2d Cir. 1944). *See* Dkt. 64 at *5. But *Dioguardi* is not a controlling decision that the Court overlooked. *Dioguardi*, a feature of many law school civil procedure courses, instead held that the then-new Rule 8 had put in place a system of notice pleading, in which a complaint is required to allege sufficient facts that show an entitlement to relief. That principle is not in dispute here. The Court's decision dismissing Loren's FAC applied that principle in light of modern federal pleading standards, which require a complaint, to survive a motion to dismiss under Rule 12(b)(6), to contain sufficient factual allegations to plausibly support an entitlement to relief. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In holding that the FAC failed to plausibly plead that defendants had acted under of color of state law or were personally involved in the alleged violations, thereby foreclosing liability under § 1983, the Court applied these pleading standards. *Dioguardi* supplies no basis to alter the Court's assessment that the FAC did not plead facts plausibly supporting a claim to relief.

## CONCLUSION

For the foregoing reasons, the Court denies Loren's motion for reconsideration. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to Loren at his address of record.

The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 56 and 59. The case remains closed and there is no cause to alter the judgment that has been entered.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: November 28, 2017
       New York, New York